UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CAMPOS,<br><br>    Petitioner,<br><br>    v.<br><br>MARTIN BITER,<br><br>    Respondent. | Case No. 15-cv-04630-PJH<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 9, 13, 14 |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground that the petition is barred by the statute of limitations. Petitioner has filed an opposition. For the reasons that follow, the motion is granted.

## DISCUSSION

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed

application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A).  "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

On June 10, 2010, petitioner was sentenced to 34 years in prison.  Motion to Dismiss "(MTD"), Exh. A at Appendix A; *People v. Campos*, No. H035756, 2012 WL 3996829, at *2 (Cal. Ct. App. Sep. 11, 2012).  The judgment was affirmed by the California Court of Appeal on September 11, 2012.  *Id.*  On December 19, 2012, petitioner's petition for review in the California Supreme Court was denied.  MTD, Ex. A. Petitioner had ninety days to file a petition for a writ of certiorari with the United States Supreme Court.  *See Bowen*, 188 F.3d at 1159.  He did not.  Thus, petitioner's one-year limitations period began to run on March 19, 2013, and expired on March 18, 2014.  See 28 U.S.C. § 2244(d)(1).  The instant federal petition filed on September 7, 2015, is untimely absent tolling.[1]

On September 17, 2014, petitioner filed a state habeas petition in the Monterey County Superior Court that was denied on October 28, 2014.  MTD, Exh. B.  On January 2, 2015, petitioner filed a state petition in the California Court of Appeal that was denied

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

on March 13, 2015.² On April 24, 2015, petitioner filed a state habeas petition in the California Supreme Court that was denied on August 12, 2015. California Supreme Court Case No. S226021.

All of petitioner's state habeas petitions were filed after the expiration of the statute of limitations. Therefore, petitioner will not receive statutory tolling for any of these petitions as they were filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Thus, this petition is untimely.

Petitioner does not contest that this petition is untimely in his opposition and he fails to address any of respondent's arguments. He does argue in a declaration filed with the petition that the petition is timely due to the change in law pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). He also argues that he had trouble conducting legal research in prison.

Under § 2244(d)(1)(C), the one-year limitations period starts on the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In interpreting an analogous provision for federal prisoners seeking to file under § 2255, the Supreme Court has held that the one-year limitations period begins to run on the date on which the Court recognized the new right being asserted, not the date on which that right was made retroactive. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

However, *Lafler* does not entitle petitioner to a later start date of the statute of limitations. This contention has been directly rejected by the Ninth Circuit. In *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012), the Ninth Circuit held that *Lafler*

---

² The exhibit containing this petition was not included with the motion to dismiss, however petitioner does not contest these dates and they do not ultimately affect the timeliness analysis.

did not announce a new constitutional rule but rather applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and extended it to the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985).  "Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government." *Buenrostro*, 697 F.3d at 1140.  Petitioner is not entitled to an alternate start date of the statute of limitations under § 2244(d)(1)(C), and the petition is untimely.

Even if petitioner was entitled to an alternate start date, the instant federal petition is still untimely.  *Lafler* was decided on March 21, 2012.  Petitioner's one-year limitations period did not commence until a year later on March 19, 2013 and expired in 2014.  An alternate start date pursuant to § 2244(d)(1)(C) does not aid petitioner because the alternate start day would have been earlier making the petition even more untimely.

Petitioner states in a declaration filed with the petition, that "I first became aware of this article [regarding *Lafler*] towards the end of 2013 when it was loaned to me by another inmate when I first was transferred to Corcoran State Prison in September of that year."  Docket No. 2 at 2.[3]  Assuming that the statute of limitations commenced in September 2013, when petitioner first became aware of the change in law, the petition is still untimely.  Petitioner did not file his first state habeas petition until September 17, 2014, a year later.  In addition, nearly a month passed after the denial by the California Supreme Court before petitioner filed this federal petition.  This petition would still be untimely.

Nor would the petition be timely under § 2244(d)(1)(D), if the limitations period started on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The time begins "'when the

---

[3] Respondent notes in the motion to dismiss that petitioner has not described the exact date when he became aware of *Lafler* which would be crucial to his argument.  Petitioner fails to discuss this issue in his opposition.

prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim). Petitioner could have discovered the existence of a Supreme Court case had he exercised diligence in the eighteen months after *Lafler* was issued.

He also argues that he had trouble researching the law in prison. However, petitioner's limited access to a prison law library does not by itself constitute an "extraordinary circumstance" warranting equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."). For all these reasons, the petition is untimely.

## CONCLUSION

1. Petitioner's boilerplate motion for an evidentiary hearing (Docket No. 13) that contains no specific arguments is **DENIED**. Petitioner's motion for appointment of counsel (Docket No. 14) is **DENIED** because this case is dismissed.

2. Respondent's motion to dismiss (Docket No. 9) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a

procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claim because reasonable jurists would not find the court's findings debatable. The court therefore **DENIES** a COA.

**IT IS SO ORDERED.**

Dated: May 16, 2016

PHYLLIS J. HAMILTON
United States District Judge

\\CANDOAK\Data\Users\PJHALL\_psp\2015\2015_04630_Campos_v_Biter_(PSP)\15-cv-04630-PJH-mtd.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND CAMPOS,

    Plaintiff,

    v.

MARTIN BITER,

    Defendant.

Case No. 15-cv-04630-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Campos ID: F32153
P.O. Box 500
Chino, CA 91708

Dated: May 16, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Nichole Peric*

Nichole Peric, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON

7